[No. 4280.]

BECKWITH, SECRETARY OF STATE V. WINTERS ET AL.

ELECTIONS—PARTY NAMES—FUSION.

Where three political parties for a number of years have generally at elections united upon the same set of nominees' who were all nominated under the party names of the parties united, but whose ticket was popularly called the fusion ticket although neither party had appropriated the name "Fusion" as a distinctive party name and the same parties have united in nominating one ticket, the fact that the persons so nominated are the nominees of parties generally known as Fusionists does not of itself give them the right to have their names placed upon the official ballot under the name of Fusion Party when neither of the parties nominating them has selected that name and when there are nominations by other combinations of parties. And as the placing of any nominations on the official ballot under the name Fusion Party would under the circumstances tend to confuse and mislead the voters, no list of nominations will be permitted under that name.

*Upon Review from the District Court of Arapahoe County.*

Mr. BEN. B. LINDSEY and Mr. SAM. W. BELFORD, for petitioner.

Messrs. WARD & WARD, for respondent.

*Per Curiam.*—Respondents are the nominees of several political parties, among others, of the State Labor and the Fusion parties, for the office of representative to the general assembly from the representative district composed of the counties of El Paso and Teller. The electors nominating them by a petition have selected the name "Fusion" as their party name, and designated their ticket as the Fusion party ticket.

Afterwards B. F. Montgomery, G. M. Hollenbeck and Charles S. Sprague were nominated by petition of other electors of the district, who also selected the same party name, and called their ticket the Fusion party ticket. Certificates of both sets of nominees were filed with the secretary of state, respondents' certificate being first lodged with that official. The question here is which, if either, set is to be printed upon the official ballot as nominees of the Fusion party.

For a number of years in this state three political parties, the Democratic, Silver Republican and People's party, have generally at elections united upon the same set of nominees, whose names were on each of the party tickets. This aggregation has been popularly called a fusion, though neither party has appropriated "Fusion" as a distinctive party name.

Montgomery and his associates are the nominees of this combination in this representative district, or, at least, of two of the three allied parties, and, as such, claim the right to the name Fusion. Respondents, as nominees of at least two other political parties, claim the right to select the name Fusion, and to have their names appear as nominees of

the Fusion party and on its ticket, since no appropriation of that word as a party name has hitherto been made.

We think neither list of nominees should appear upon the official ballot as nominees of the Fusion party, or upon the Fusion ticket. Each set has been nominated by more than one political party, and the joining of two or more political parties is a fusion, whether effected by the so-called silver parties, or by some other aggregation. The fact that Montgomery and his associates are the nominees of political parties which constitute what has been generally known as Fusionists, does not, of itself, give them the right to have their names placed upon the official ballot as nominees of the Fusion party when no selection of that name has been made by either of such parties, and when other nominations have been made by a combination of other parties.

If either, or both, sets of nominees were placed upon the official ballot, it would necessarily tend to mislead and deceive the voters, and probably operate as a fraud upon some electors.

The secretary of state will, therefore, be ordered to exclude both lists from the official ballot as nominees of the Fusion party or on that ticket. The judgment of the district court, not being in harmony with this conclusion, is reversed and judgment will be entered here in accordance with the views expressed in the opinion.

*Reversed.*